# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Abingdon Division

KING PHARMACEUTICALS, INC. and
ALPHARMA INC.,

    **Plaintiffs and Counterclaim Defendants,**

**v.**

**PURDUE PHARMA L.P.,**

    **Defendant and Counterclaim Plaintiff.**

Civil Action No.: 1:08-cv-50 (JPJ/PMS)

---

### DEFENDANT AND COUNTERCLAIM PLAINTIFF PURDUE PHARMA L.P.'S OPPOSITION TO PLAINTIFFS' MOTION TO DETERMINE CLAIM OF PRIVILEGE ASSERTED BY DEFENDANT

Defendant and Counterclaim Plaintiff Purdue Pharma L.P. ("Purdue") files this Memorandum in Opposition to Plaintiffs' Motion to Determine Claim of Privilege Asserted by Defendant, and in support thereof states as follows:

**I.    Introduction**

Purdue does not dispute Plaintiffs' description of the sequence of events that culminated in their filing the present Motion. It does, however, disagree with Plaintiffs' belief that the information on PUR 2842278 – PUR 2842281 (the "Four Pages") is not privileged, that the Four Pages were not prepared by an attorney, and that they were not inadvertently produced.

The information on the Four Pages constitutes legal advice. Additionally, the Four Pages were created at the direction of an attorney for purposes related to the present litigation. Accordingly, the Four Pages contain privileged information that should never have been produced. Upon discovering during a deposition that the Four Pages had inadvertently been produced, Purdue followed paragraph 13 of the Stipulated Protective Order and promptly

Case 1:08-cv-00050-JPJ-PMS   Document 140   Filed 05/24/10   Page 1 of 7   Pageid#: 8110

requested that Plaintiffs destroy all copies of the Four Pages. Purdue promptly replaced the inadvertently produced pages with appropriately redacted replacement pages.

Plaintiffs' refusal to heed Purdue's request to destroy the Four Pages contravenes Plaintiffs' obligations under Federal Rule of Civil Procedure ("FRCP") 26(b)(5)(B) and paragraph 13 of the Stipulated Protective Order.[1] The Court should not countenance Plaintiffs' attempt to evade their obligations under the FRCP and the Stipulated Protective Order, and should instead enter an order requiring Plaintiffs to destroy all copies of the Four Pages pursuant to FRCP 26(b)(5)(B) and the Stipulated Protective Order, and prohibiting Plaintiffs from using or disclosing the privileged information contained in the Four Pages.

## II. Argument

### A. The Four Pages Were Prepared at the Direction of an Attorney.

Plaintiffs suggest in their memorandum in support of their Motion ("Pls.' Mem.") that the presentation that contains the Four Pages was not prepared by an attorney or his or her subordinate. (*See* Pls.' Mem. at 5.) Plaintiffs' suggestion is incorrect. As reflected on the first slide of the presentation itself, the author and presenter of the presentation was Philip C. Strassburger. Mr. Strassburger is licensed to practice law in two states and currently serves as Vice President, Intellectual Property Counsel to Purdue. *See* Declaration of Philip C. Strassburger, attached as Exhibit A ("Strassburger Decl."), at ¶ 2. He has held that position since

---

[1] Plaintiffs ground their motion in FRCP 26(b)(5)(B). That rule reads in full: "If information produced in discovery is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party *must* promptly return, sequester, or destroy the specified information and any copies it has; *must* not use or disclose the information until the claim is resolved; *must* take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved" (emphases added). Although the rule *permits* presentation of the information to the court under seal for a determination of the privilege claim, as Plaintiffs have done here, it *requires* that the receiving party "promptly return, sequester, or destroy the specified information and any copies it has." Purdue respectfully notes that Plaintiffs have not complied with this obligation, which is similar to its obligation under the Stipulated Protective Order.

2001. *Id.* In his capacity as Purdue's chief intellectual property attorney, Mr. Strassburger advises Purdue on legal matters on a daily basis. *Id.* at ¶ 3.

It was in his customary capacity as a lawyer advising the company (i.e., not as a businessperson) that Mr. Strassburger instructed a subordinate, Alicia Temoche, to create the slide presentation that contains the Four Pages. *Id.* at ¶ 5. Although the slides were compiled by Ms. Temoche, Mr. Strassburger was ultimately responsible for their content. *Id.*

Mr. Strassburger is a member of Purdue's Business Development Committee ("BDC"), which consists of a small number of high-level executives at Purdue who meet on a periodic basis to discuss new business opportunities. *Id.* at ¶ 4. Mr. Strassburger is the only attorney member of the BDC, and he regularly attends its meetings for the primary purpose of giving legal advice to the committee. *Id.* Thus, Mr. Strassburger had Ms. Temoche create the presentation that contains the Four Pages for the purpose of providing legal advice to the BDC. Mr. Strassburger then presented that advice at the September 17, 2009 meeting of the BDC.

**B.     The Contents of the Four Pages As Originally Produced Are Privileged and Protected by Both the Attorney-Client Privilege and Work Product Doctrine.**

Plaintiffs cite to instructive authorities like *Jones*, Epstein, and *Upjohn* (Pls.' Mem. at 3-4) on the law of attorney-client privilege and work-product protection, but then misapply those doctrines with respect to the Four Pages. In doing so, Plaintiffs have ignored the guiding proclamation from the Supreme Court of the United States with respect to attorney-prepared material, that "not even the most liberal of discovery theories can justify unwarranted inquires into the files and the mental impressions of an attorney." *Hickman v. Taylor*, 329 U.S. 495, 510 (U.S. 1947); *see also United States v. Nobles*, 422 U.S. 225, 238 (U.S. 1975) ("At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case"). Indeed, the Supreme Court has

recognized that the work product doctrine is broader in its protection than even the attorney-client privilege. *See Nobles*, 422 U.S. at 238 n.11.

Mr. Strassburger's slide presentation contains legal advice and legal work product on the Four Pages. Strassburger Decl. ¶ 6. He created the Four Pages because of, in light of, and in full view of the present litigation over the validity and infringement of the '088 patent.[2] *Id.* The Four Pages are therefore protected attorney work product. *See United States v. Under Seal (In re Grand Jury Proceedings #5)*, 401 F.3d 247 (4th Cir. 2005) (defining "opinion work product" as work product that "contain[s] the fruit of an attorney's mental processes").

The Four Pages also explicitly convey Mr. Strassburger's legal opinion concerning Purdue's legal ability to commercialize an extended release morphine product containing sequestered naltrexone. Strassburger Decl. ¶ 6. In overseeing the preparation of the Four Pages in particular, Mr. Strassburger made legal conclusions concerning the validity and breadth of Purdue's patent protection, legal conclusions concerning regulatory laws and framework, and legal conclusions concerning the state of Purdue's product development efforts. *Id.* He also made legal conclusions concerning the role and impact of commercialization activities by third parties, namely Plaintiffs. *Id.* These conclusions are all reflected in the advice that Mr. Strassburger gave Purdue when making his presentation at the BDC meeting on September 17, 2009, which in turn is reflected in the text of the Four Pages. *Id.*

## C.     The Four Pages Were Inadvertently Produced.

Plaintiffs suggest that the Four Pages were not inadvertently produced because three of the Four Pages bear redactions as originally produced. (*See* Pls.' Mem. at 5.) The presence of redactions on the Four Pages as originally produced has no bearing on the inadvertency of their production. Indeed, the production of the Four Pages in the partially redacted form in which they

---

[2] The '939 patent had not yet issued and was not in the case at the time of Mr. Strassburger's presentation.

were produced was both inadvertent and unintentional.  Strassburger Decl. ¶ 7.  Purdue and

Plaintiffs have both produced millions of pages of documents in this litigation.  Even the best

attorney reviewers occasionally make inappropriate privilege determinations.  FRCP 26 and the

Stipulated Protective Order are intended to account for such situations, allowing a party to

maintain control over privileged information that was inadvertently produced, as is the case with

the Four Pages.  Whether that information is partially redacted when produced is of no moment.

The decision to redact only a small portion of the Four Pages was made by an attorney without

consultation or input from Mr. Strassburger.  *Id.*  Had the Four Pages been brought to Mr.

Strassburger's attention prior to their original production to Plaintiffs in partially redacted from,

he would have insisted that the Four Pages only be produced in fully redacted form, given the

privileged nature of their content.  *Id.*

> **D.      The Privileged Information in the Four Pages Cannot Be Used by Plaintiffs.**

Purdue has at all times taken reasonable steps to prevent the disclosure of privileged

information in this litigation.  Those steps include, but are not limited to, the review of internal

documents for potential production by trained document review attorneys.  These attorneys were

trained to be particularly scrupulous in their review of documents authored by or sent to

attorneys, such as Mr. Strassburger.  Given the volume of Purdue's production in this case,

however, undersigned counsel was not reasonably able to review each document slated for

production before it was produced.  Invariably this led to a few documents, such as the one

containing the Four Pages, being inadequately redacted and inadvertently produced.  This reality

does not undermine the fact that Purdue took reasonable steps to prevent these types of

inadvertent disclosures.

Additionally, once the inadvertent disclosure was made known to Purdue, it took reasonable steps to rectify the error. Those steps include, but are not limited to, promptly requesting that Plaintiffs destroy the Four Pages pursuant to the Stipulated Protective Order, and promptly providing Plaintiffs with appropriately redacted replacement pages for the Four Pages.

Accordingly, under the Federal Rules of Evidence, the privileged information in the Four Pages cannot be used by Plaintiffs as the disclosure of it was inadvertent, Purdue took reasonable steps to prevent its disclosure, and Purdue took reasonable steps to rectify the error once the inadvertent production was made known to Purdue. *See* Federal Rule of Evidence 502(b).

## III. Conclusion

For the foregoing reasons, Purdue asks the Court to resolve Plaintiffs' Motion by entering an order requiring Plaintiffs to destroy all copies of the Four Pages pursuant to FRCP 26(b)(5)(B) and the Stipulated Protective Order, and to prohibit Plaintiffs from using or disclosing the privileged information contained in the Four Pages.

Dated: May 24, 2010

/s/ Brian C. Riopelle
Brian C. Riopelle (VSB # 36454)
David E. Finkelson (VSB # 44059)
Jacob H. Rooksby (VSB # 75366)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Tel: 804-775-1000
Fax: 804-775-1061

Wm. W. Eskridge (VSB # 3635)
Wade W. Massie (VSB # 16616)
PENN, STUART & ESKRIDGE
208 E. Main Street
Abingdon, VA 24210-2904
Tel: 276-628-5151
Fax: 276-628-5621
*Attorneys for Defendant and Counterclaim Plaintiff Purdue Pharma L.P.*

6

## CERTIFICATE OF SERVICE

I certify that on May 24, 2010, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which system will send a notification of such filing (NEF) to all counsel of record in this case.

/s/ Brian C. Riopelle
Brian C. Riopelle (VSB # 36454)