# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| KING PHARMACEUTICALS, INC., ET AL., | ) ) ) ) Case No. 1:08CV00050 |
| Plaintiffs, | ) ) **OPINION AND ORDER** |
| v. | ) ) By: James P. Jones |
| PURDUE PHARMA L.P., | ) Chief United States District Judge ) |
| Defendant. | ) ) |

*Thomas G. Slater, Jr., Hunton & Williams LLP, Richmond, Virginia, Rodger L. Tate and Robert M. Schulman, Hunton & Williams LLP, Washington, D.C., and Mark T. Hurt, Abingdon, Virginia, for Plaintiffs; Brian C. Riopelle, David E. Finkelson, and Jacob H. Rooksby, McGuireWoods LLP, Richmond, Virginia, Robert L. Florence, McGuireWoods LLP, Atlanta, Georgia, and Wm. W. Eskridge and Wade W. Massie, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant.*

In this opinion, I resolve certain discovery issues.

This is a patent case initiated by the plaintiffs, King Pharmaceuticals, Inc., and Alpharma Inc. (collectively, "King")[1] against Purdue Pharma L.P. ("Purdue"). King seeks a declaration that two of Purdue's patents for pain medication, U.S. Patent No. 6,696,088 ("the '088 patent') and U.S. Patent No. 7,658,939 ("the '939 patent"),[2] are invalid, unenforceable, and not infringed by King's new drug, Embeda®. Purdue counterclaims that King has willfully infringed its patents.

---

[1] Alpharma is a wholly-owned subsidiary of King.

[2] The patents are both entitled "Tamper-Resistant Oral Opioid Agonist Formulations."

The parties have filed discovery motions in advance of trial, which motions have been briefed and argued and are ripe for decision. Purdue has filed a Motion to Compel Production of Documents Related to Opinions of Counsel. King has filed a Motion to Determine Claim of Privilege Asserted by Counsel. Although both motions involve the attorney-client or attorney work-product privilege, they are unrelated.

I

Purdue contends that King has failed to supply all relevant documents "that embod[y] or discuss[] a communication to or from [counsel] concerning whether that patent is valid, enforceable, and infringed by the accused." *In re Echostar Commc'ns Corp.*, 448 F.3d 1294, 1304 (Fed. Cir. 2006). King agrees that it has waived its attorney-client privilege because it intends to rely upon advice of counsel against Purdue's charges of willful infringement. After discussions between counsel, and upon amplification of the motion at oral argument, it appears that there is only one area of continuing disagreement as to the relevant documents.

The remaining dispute is whether King must produce documents relating to discussions with or by counsel of possible contractual licensing arrangements with Purdue, even if such documents do not discuss the validity, enforceability, or

infringement of the patents-in-suit. Purdue concedes that licensing agreements may be motivated by factors other than possible patent infringement. Upon consideration of the parties' arguments, I find that production of such documents is not required because there is little likelihood that they would be relevant.

For these reasons, Purdue's motion will be denied.

Of course, should additional facts come to light regarding the required production of relevant documents, and after meeting and conferring without resolution, the parties may apply to the court for relief.

II

Purdue has not waived its attorney-client privilege. In its motion, King relates that it has received in the course of discovery four pages of a document (the "Four Pages") that Purdue seeks to "claw back" as privileged and inadvertently produced. King asserts that the document is not privileged and was not inadvertently produced. Purdue contends to the contrary. The document in question, including the Four Pages, has been submitted to the court for in camera review.

The parties agree that the document in question came into dispute during a deposition when it was offered by counsel for King to a witness for comment. The document had been previously produced by Purdue, one of millions of other

documents produced by the parties in this complex patent case. The document consists of a printed copy of a slide presentation given at a meeting of Purdue's Business Development Committee on September 17, 2009, long after this litigation had commenced. It was created under the direction of an in-house attorney for Purdue, whose title is Vice President, Intellectual Property Counsel.

Once the disclosure was discovered during the deposition, counsel for Purdue promptly notified opposing counsel of the claim and the basis for it, in accord with Federal Rule of Civil Procedure 26(b)(5)(B).

Because it contains redactions, the document was obviously reviewed by litigation counsel before it was produced. However, Purdue asserts that the Four Pages should have been redacted in their entirety and the failure to do so was inadvertent.

Of course, the burden of showing that the privilege applies lies upon the proponent, Purdue. *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). Under Federal Rule of Evidence 502(b), inadvertent disclosure does not destroy the privilege if the holder of the privilege took reasonable steps to prevent disclosure, as well as reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

I have carefully reviewed the document, including the Four Pages in dispute. While the privileged nature of the Four Pages is not apparent solely on the words used, based on the extrinsic evidence that Purdue has submitted, and the context of the document, I find that the Four Pages are privileged as attorney-client communication and attorney work-product.

Moreover, in light of the circumstances, I further find that the disclosure of the unredacted four pages meets the test of Rule 502(b). The very limited disclosure here, in light of the volume of production, is evidence of the reasonable steps taken to prevent disclosure. Moreover, Purdue clearly acted promptly in taking reasonable steps to rectify the error. The fact that the document had been reviewed and partially redacted does not by itself prevent the disclosure from being inadvertent. The nature of the mistake in disclosing a document is not limited by the rules, and logically ought to include mistaken redaction, as well as other types of mistakes that result in disclosure.[3]

---

[3] Purdue contends that King did not properly respond to the notice of inadvertent disclosure under Rule 26(b)(5)(B) and under the Stipulated Protective Order entered in this case because King did not promptly destroy or return the Four Pages. The Rule provides that "[a]fter being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has." Fed. R. Civ. P. 26(b)(5)(B). The Stipulated Protective Order provides that "[a]ny inadvertently produced privileged materials shall be returned promptly to the Producing Party upon request and all copies destroyed." (Stipulated Protective Order ¶ 13, Nov. 9, 2009.) In light of my decision, it is not necessary for me to resolve this question, although I note that the Rule does permit the receiving party to "promptly present the information to the court under seal for a determination of the claim," which King did.

## III

For the forgoing reasons, it is **ORDERED** as follows:

1. The Motion to Compel Production of Documents Related to Opinions of Counsel (DE 124) is DENIED; and

2. In regard to the Motion to Determine Claim of Privilege Asserted by Defendant (DE 136), the relief sought by movant King is DENIED. King is directed to destroy all copies of the Four Pages and must not use or disclose the privileged information contained in the Four Pages.

       ENTER: June 2, 2010

       /s/ JAMES P. JONES
       Chief United States District Judge